

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES LEE WILLIAMS, II, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-477-A |
| | § | (NO. 4:12-CR-225-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of James Lee Williams, II ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:12-CR-224-A, styled "United States of America v. James Lee Williams, II, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On November 14, 2012, movant was named in a one count indictment charging him with wire fraud in violation of 18 U.S.C. § 1343. Specifically, movant knowingly devised a scheme and artifice to defraud and obtain money by means of materially false

and fraudulent pretenses and representations. He advertised on Craigslist that he had tickets for sale to events. When customers called, he would take their credit card information and, instead of purchasing and delivering the tickets ordered, would use the victim's credit card information to purchase airline tickets or tickets to other events or attractions, then sell the tickets to others. One instance occurred on August 2, 2012, when a victim called from Oklahoma to order tickets to a Texas Rangers baseball game and movant used the victim's credit card information to buy tickets to Six Flags Over Texas in the amount of $1579.55.

On January 11, 2013, movant appeared with his counsel for rearraignment. The court placed movant under oath and engaged in an extensive plea colloquy. Movant swore that he had committed the offense as charged and that all of the facts contained in the factual resume were true. Further, movant had reviewed the factual resume before he signed it, understood it, and discussed it and the legal meaning of it with his attorney. Movant did not have any complaint about his attorney.

When movant appeared for sentencing, on April 26, 2013, the court first had to take up the matter of the motion of movant's attorney to withdraw and movant's request to withdraw his guilty plea. Movant was upset that he would be held responsible for considerably more ill-gotten gain than the $1579.55 referenced in

2

the indictment. After a lengthy colloquy in which the court determined that movant was playing games, the court denied the attorney's motion to withdraw and movant's motion to withdraw his guilty plea. The court adopted the pre-sentence report and addendum except for the reduction for acceptance of responsibility. The court sentenced movant to a term of imprisonment of 120 months, above the guideline range of 63-78 months.

Movant appealed, arguing that the court plainly erred in applying the enhancement for sophisticated means and that the court erred in failing to articulate its reasons for the above-guidelines sentence imposed. The court of appeals rejected these arguments and affirmed the sentence on November 6, 2013. United States v. Williams, 544 F. App'x 531 (5th Cir. 2013). Movant did not seek relief from the United States Supreme Court.

II.

Ground of the Motion

Movant urges one ground in support of his motion: "actual innocence claim/constructive amendment of the indictment." In an attached brief, movant recognizes that his motion is untimely, but asserts that he should be entitled to proceed based on the actual innocence exception as set forth in McQuiggin v. Perkins, 133 S. Ct. 1924 (2013).

3

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441

4

(5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

Movant did not petition the Supreme Court for a writ of certiorari; therefore, his judgment became final on February 4, 2014. <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003)(for the purpose of starting the clock on the one-year time limit for a motion under 28 U.S.C. § 2255, a judgment of conviction becomes final when the 90 day time period expires for the filing of a petition for certiorari). He did not file the motion under consideration until June 2015, well after the time for doing so had expired.

Movant asserts that his late filing is excused under the actual innocence exception as described in <u>McQuiggin</u>. As the Supreme Court stated, however, the actual innocence gateway is rare and is not met unless the movant shows that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. 133 S. Ct. at 1928. Movant has not even begun to make such a showing. He has never claimed actual innocence of the crime for which he was convicted. Rather, he is unhappy with his sentence.

The court notes that movant would not be entitled to equitable tolling in any event as he has not shown the exercise

5

of any diligence. Nor has he shown that any extraordinary circumstance prevented him from timely filing his motion. Holland v. Florida, 560 U.S. 631, 649 (2010).

Finally, even if timely, the motion would be denied as it is without merit. Movant's sentence was the subject of his appeal and was affirmed. Misapplication of the sentencing guidelines is not a claim cognizable under § 2255. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 29 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2255(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 13, 2015.

JOHN McBRYDE
United States District Judge

6